## Home Security Corporation v.
## James Talcott, Inc.

*Gil Stein* and *Ronald H. Serkin,* for plaintiff.
*Raymond Shapiro,* for defendant.
*David J. Stern,* for additional defendant.

HAGAN, J., October 19, 1973.—This matter has been assigned to the undersigned for decision by the motion court judge. It is before me upon the preliminary objections of defendant, James Talcott, Inc., to plaintiff's writ of summons and upon plaintiff's preliminary objections thereto.

The preliminary objections of James Talcott, Inc., are in the nature of a petition raising a question of lack of capacity to sue. They aver that plaintiff is a Florida corporation doing business in Pennsylvania, without having procured a certificate of authority to do business in the Commonwealth, as required by the Act of May 5, 1933, P.L. 364, art. X, sec. 1014, as amended, 15 PS §2014.

The main thrust of plaintiff's preliminary objections to defendant's preliminary objections is that they are based upon matters which are dehors the record. This

argument, however, fails to take into consideration the fact that defendant's preliminary objections are in the nature of a petition raising a question of lack of capacity to sue. Such a petition is permitted under Pa. Rule of Civil Procedure 1017. The proper procedure, therefore, for plaintiff to have followed is to file an answer to defendant's preliminary objections denying the factual averments of defendant's preliminary objections in the nature of a petition raising lack of capacity to sue. If a fact issue is thus raised, the issue would then be decided by depositions.

For the foregoing reasons, plaintiff's preliminary objections to the preliminary objections of defendant, James Talcott, Inc., are hereby dismissed with leave to file an answer to said preliminary objections.